Cheshire, }
April 1, 1902. }

### DODGE & *a.*, Ap'ts, *v.* LEWIS, *Adm'r.*

Under the statute of descent and distribution, the sisters of an intestate's father are entitled to the whole estate, to the exclusion of cousins.

PROBATE APPEAL, from the decree of the probate court for this county making distribution of the estate of Alzina Bradford. One of the appellants is a child of a sister of Alzina's father, and the other a child of a brother of her mother. The decree was in favor of Mary B. Lewis and Francina C. Towns, two sisters of her father.

Dexter Bradford and Lucinda T. Bradford of Charlestown died leaving estate in that town. In March and May, 1900, shortly after their decease, Alzina, their only child, was appointed administratrix of each estate by the probate court for Sullivan county.

There is no record of any further action by her in the administration of the estates.   In July, 1900, Alzina died, and administration was taken upon her estate in Cheshire county.

The appellants allege that they are aggrieved because the estates of Dexter and Lucinda were not settled according to law before the settlement of Alzina's estate, because said estates were settled in the administration of Alzina's and decreed to Lewis and Towns, and because the estate of Alzina, enlarged by the estates of Dexter and Lucinda, has been decreed to Lewis and Towns, and no part to the appellants.

At the October term, 1901, of the superior court the appellee's motion to dismiss was granted by *Young*, J., and the appellants excepted.

*Don H. Woodward*, for the plaintiffs.

*Ira Colby* and *Batchelder & Faulkner*, for the defendant.

PARSONS, J.   The sisters of the intestate's father, as next of kin, are entitled to the whole estate, to the exclusion of the appellants, who, as cousins of the intestate, are one degree farther removed.   P. S., c. 196, s. 1, cl. IV ; *Ib.*, s. 6.

The right of either of the appellants, if any, to a distributive share in the estate of Alzina's father or in that of her mother is not involved in the distribution of her estate, and will not be determined by any judgment which can be rendered in this proceeding.   If, however, as stated in the case, Alzina was an only child, no ground is apparent upon which any person except creditors of her father or of her mother can claim to be aggrieved because the record fails to show the details of the completion of her administration of their estates.

*Exception overruled.*

All concurred.